**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Fishman, | No. CV 07-1108-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Villa Carmel, et al., | |
| Defendants. | |

Plaintiff Stanley Fishman commenced this action by filing a pro se complaint against Defendant Villa Carmel on June 4, 2007. Dkt. #1. Plaintiff has filed a motion to proceed in forma pauperis. Dkt. #2. For the reasons discussed below, the Court will dismiss the complaint without prejudice and deny the motion as moot.

**I.      Dismissal of the Complaint.**

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever

1  it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the
2  subject matter, the court shall dismiss the action.").

3  "Federal courts are courts of limited jurisdiction. They possess only that power
4  authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
5  U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction
6  over a case only if the complaint alleges a federal cause of action or the amount in
7  controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C.
8  § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under
9  the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district
10 courts shall have original jurisdiction of all civil actions where the matter in controversy
11 exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States[.]").

12 Contrary to the requirements of Rule 8, Plaintiff's complaint does not contain a
13 statement of the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a) ("A pleading
14 . . . shall contain (1) a short and plain statement of the grounds upon which the court's
15 jurisdiction depends[.]"). Nor do the allegations of the complaint suggest that such
16 jurisdiction exists.

17 Plaintiff's complaint does not allege a federal cause of action. He cites the case of
18 *Leatherman v. Tarrant County*, 507 U.S. 163, 164 (1993), in which the Supreme Court held
19 that claims under 42 U.S.C. § 1983 are not subject to a heightened pleading standard, but he
20 does not state whether his claim involves a federal cause of action. Plaintiff is advised that
21 to state a claim under § 1983, he must allege that he was "deprived of a right secured by the
22 Constitution or laws of the United States, and that the alleged deprivation was committed
23 under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

24 The complaint also fails to allege diversity jurisdiction. While it alleges damages in
25 excess of $75,000, it does not allege that the parties are citizens of different states. To allege
26 diversity jurisdiction properly, Plaintiff must allege that the amount in controversy exceeds
27 $75,000 and that he is a citizen of a different state than Defendant Villa Carmel and any other
28 Defendants. 28 U.S.C. § 1332(a). If a corporation owns Villa Carmel, Plaintiff should note

- 2 -
Case 2:07-cv-01108-DGC    Document 3    Filed 06/07/2007    Page 2 of 3

that a corporation is deemed to be a citizen of the state in which it is incorporated or the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

The Court will dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Scholastic Entm't*, 336 F.3d at 989 (affirming *sua sponte* dismissal of claims governed by state law); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that "[did] not allege the deprivation of any constitutional right or state a federal cause of action"); *see also Kokkonen*, 511 U.S. at 377 (stating that the court presumes lack of jurisdiction until the plaintiff proves otherwise). The complaint will be dismissed without prejudice. Should Plaintiff elect to file a new complaint, he must comply with the jurisdictional requirements of federal court.[1]

## II. Plaintiff's Motion to Proceed In Forma Pauperis.

Because the complaint will be dismissed for lack of jurisdiction, the Court will deny as moot Plaintiff's motion to proceed in forma pauperis. Plaintiff may file another motion to proceed in forma pauperis if he decides to file a new complaint.

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's motion to proceed in forma pauperis (Dkt. #2) is **denied** as moot.

DATED this 7th day of June, 2007.

_____
David G. Campbell
United States District Judge

---

[1] If Plaintiff were an inexperienced pro se litigant, the Court would consider granting him leave to amend the existing complaint to add jurisdictional allegations. But Plaintiff is no novice; he has filed 21 cases in federal court since March of 2007. The Court also notes that the grievance in his complaint appears to be purely of a local nature and one that does not raise issues of federal law.